Per Curiam.

The obligors would be estopped by the recitai in the bond, to deny the appointment of the administrator;[1] and the bond therefore formed a valid consideration for the deed, which was given as an indemnity against the defendant’s liability on the bond The contract to reconvey showed the purposes of the deed, and though it was not a bond of defeasance, yet it would enable the grantor to compel a reconveyance by a bill in equity. There was no conclusive evidence of the deed’s being fraudulent, and the verdict is not to be disturbed. [2]

Judgment according to verdict.

 See Cordis v. Sager, 14 Maine R. (2 Shepley,) 477.

 See Reed v. Woodman, 4 Greenleaf, 400. In New Hampshire an abso lute conveyance made for the purpose of securing a debt, with an understanding between the parties, that the land is to be reconveyed upon payment of the debt, is void as against creditors. Smith v. Lowell, 6 N. Hamp. R 67.